319 So.2d 583 (1975)
Alexander P. MAYBARDUK et al., Appellants,
v.
Alberto S. BUSTAMANTE et al., Appellees.
No. 74-219.
District Court of Appeal of Florida, Fourth District.
September 26, 1975.
*584 Bruce S. Bullock and Robert M. Sharp of Bullock, Sharp & Childs, P.A., Jacksonville, for appellants-Alexander P. Maybarduk and The Employers' Fire Ins. Co.
Russell Troutman of Troutman & Parish, P.A., Winter Park, for appellants-Margie L. Ricks and Charles E. Ricks.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto & Dean, West Palm Beach, for appellees-Bustamante, Mercy Hospital and INA.
DOWNEY, Judge.
Appellant Doctor Alexander P. Maybarduk performed an operation upon appellant Margie L. Ricks in appellee Mercy Hospital. Dr. Maybarduk was assisted in the operation by appellee Doctor Alberto S. Bustamante, an employee of appellee Mercy Hospital, who had been furnished by the hospital to assist in the operation. A second operation was necessitated to remove a hemostat or Kocher clamp which had inadvertently been left in Mrs. Rick's abdomen during the first operation.
Mrs. Ricks and her husband sued Dr. Maybarduk, Dr. Bustamante, and Mercy Hospital (and their respective insurance carriers) for negligence in the performance of the first operation. Dr. Maybarduk cross-claimed against Dr. Bustamante and Mercy Hospital alleging that, as to the negligence charged in the Ricks complaint, Dr. Bustamante was the active tortfeasor and Dr. Maybarduk simply a passive tort-feasor. The trial court dismissed said cross-claim and this court reversed and reinstated the cross-claim in Maybarduk v. Bustamante, Fla.App. 1974, 294 So.2d 374.
Pending that appeal the Ricks case was tried upon the plaintiffs' complaint and defendants' answers. The trial court directed a verdict in favor of the defendants Dr. Bustamante and Mercy Hospital and their insurance carriers on plaintiffs' complaint and directed a verdict for plaintiffs and against Dr. Maybarduk and his insurance carrier on the issue of liability. The jury returned a verdict for the plaintiffs and against Dr. Maybarduk and his insurance carrier for a total of $50,000.
All appellants contend that the trial court erred in directing the verdict for appellees Bustamante and Mercy Hospital and in entering judgment thereon. Neither appellants Ricks nor appellant Maybarduk have sought review of the $50,000 judgment for the appellants Ricks and against appellant Maybarduk based upon the jury verdict.
Our study of the record reveals sufficient evidence together with reasonable inferences therefrom which warranted submitting to the jury the issue of the negligence vel non of Dr. Bustamante and Mercy Hospital.
Accordingly, the judgment for appellees Bustamante, Mercy Hospital, and their respective carriers is reversed and the cause *585 is remanded for a new trial on the issue vel non of the negligence of Bustamante and Mercy Hospital as raised by the Ricks complaint and the Maybarduk cross-claim.
Reversed and remanded.
OWEN, J., and SEAY, RUSSELL E., Jr., Associate Judge, concur.